**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

JENNIFER JENKINS,

    Plaintiff,

v.                                            Case No: 8:15-cv-283-T-30AEP

S. DAVID ANTON, PA and S. DAVID ANTON,

    Defendants.

## ORDER

In this lawsuit, Plaintiff Jennifer Jenkins alleges that Defendants, her former employers, failed to pay her overtime wages as required by the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* Before the Court is Defendants' motion for summary judgment (Dkt. 41), and it argues that there is no genuine factual dispute on a critical, threshold issue—whether the FLSA applies to this case. Defendants argue that they do not qualify under the FLSA as a covered "enterprise," that Jenkins does not qualify as a covered "individual," and that, without one of these bases for coverage, Jenkins's claim fails as a matter of law. Jenkins's response (Dkt. 51) concedes that the record fails to establish enterprise coverage, but argues that a genuine factual dispute exists on the issue of individual coverage, in which case summary judgment should be denied. As explained briefly below, the Court agrees, and the motion will be denied.

**FACTUAL BACKGROUND**

Jenkins was employed as a paralegal for Defendants in 2013. The parties broadly agree that, during her employment, Jenkins performed the duties a paralegal typically performs: she answered calls and made calls to clients, she wrote emails to those clients, she prepared legal documents, and she performed internet research. The parties disagree, however, on how much of these duties constituted interstate commerce.

Defendants present evidence that very little did. In an affidavit, Defendant David Anton attests that his law firm tries cases only within the state of Florida and that in 2013 all of the firm's clients were Florida residents. (Dkt. 41-1, ¶ 3). As for the specific work Jenkins performed, the affidavit attests that while she made calls and wrote emails for the firm, the out-of-state calls were "rare" and "almost none" of the emails were sent out of state. (Id. at ¶¶ 9–10). The affidavit estimates that, on average, out-of-state communications for Jenkins occurred once a week. Defendants also provide the affidavit of the firm's bookkeeper, Lynn Hayes, who attests that she ordered the firm's supplies from out-of-state vendors and that she never observed Jenkins order supplies for the firm. (Dkt. 41-8, ¶ 6).

Jenkins, on the other hand, presents evidence that her interstate activities for the firm were more significant. In her affidavit, for example, she attests to working on a securities matter with attorneys and witnesses in New York, and to communicating regularly in another case with witnesses in Virginia and Ohio, and to discussing a case with a Securities and Exchange Commission attorney in Chicago, Illinois. (Dkt. 53-1, ¶¶ 6–7). Her affidavit attests to communicating with other out-of-state clients, opposing counsel, or witnesses—people in places like Georgia, California, and even Afghanistan. (Id. at ¶¶ 7–

8). Jenkins provides email printouts corroborating at least some of these claims. (Dkt. 53-4, pp. 28–37).

The affidavit further attests that Jenkins regularly used interstate mail and email to send correspondence to these people and that Jenkins used the internet to conduct research and book Defendants' travel using their credit card. (Id. at ¶¶ 9–10).

Jenkins made similar claims regarding her out-of-state activities in her deposition testimony.

## DISCUSSION

Now Defendants move for summary judgment. Motions for summary judgment should be granted when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show that there is no genuine issue over any material fact. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The existence of some factual disputes between the litigants will not defeat an otherwise properly supported summary judgment motion; rather, the record must reveal a "*genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (emphasis in original). Facts are material if, under the applicable substantive law, they might affect the outcome of the case. *See id.* And disputes over those facts are genuine "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Id*.

When considering a summary judgment motion, courts must remain mindful that "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Id.* at 255. A court ruling

on a summary judgment motion must draw all justifiable inferences in favor of the non-moving party. *Id.*

Under the FLSA, an employee is individually entitled to the law's protections if that employee "directly participat[es]" in interstate commerce. *Thorne v. All Restoration Serv's., Inc.*, 448 F.3d 1264, 1266 (11th Cir. 2006). An employee directly participates by either working for an instrumentality of interstate commerce (for example, in the transportation industry) or by regularly using the instrumentalities of interstate commerce in his or her work (such as using phones or mail or the internet). *Id.*; *see* 29 C.F.R. 776.10(b). To qualify under either prong, an employee's activities must be "directly and vitally related to the functioning of an instrumentality or facility of interstate commerce as to be, in practical effect, a part of it, rather than isolated local activity." *Mitchell v. C.W. Vollmer & Co.*, 349 U.S. 427, 429 (1955). According Department of Labor regulations, if an employee's interstate activities are regular and recurring, they are covered under the law even if those activities are, on the whole, minor and infrequent. *See* 29 C.F.R. § 776.3.

Here, the parties present starkly different assessments of Jenkins's participation in interstate commerce. It is not for the Court, at this stage, to determine which assessment is more credible. *See Anderson*, 477 U.S. at 255. What matters now is that Jenkins's affidavit and deposition testimony, along with the emails and records corroborating her testimony, support the inference that her interstate duties were more than "de minimis" or sporadic, as Defendant has called them. According to that evidence, she was the only paralegal for a law firm that did business with people in California and New York and Georgia and other

states. The evidence also supports Jenkins's claim that, on behalf of the firm, she regularly used both the mail and the internet, both instrumentalities of interstate commerce.

On this evidence, a reasonable juror could find that Jenkins regularly used the instrumentalities of interstate commerce and that her use of them was vital to their functioning. *See Thorne*, 448 F.3d at 1266. This genuine dispute means that summary judgment must be denied.

It is therefore ORDERED AND ADJUDGED that:

1. Defendants' Motion for Summary Judgment (Dkt. 41) is DENIED.

**DONE** and **ORDERED** in Tampa, Florida, this 9th day of December, 2016.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record