UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JENNIFER JENKINS,

 Plaintiff,

v.                 Case No: 8:15-cv-283-T-30AEP

S. DAVID ANTON, PA and
S. DAVID ANTON,

 Defendants.

## ORDER

THIS CAUSE comes before the Court upon Plaintiff's Motion to Amend or Alter the Judgment or for a New Trial, and/or Alternatively, for Relief from the Judgment (Doc. 106) and Defendants' Response in Opposition (Doc. 111). Upon review, the Court concludes that Plaintiff's motion should be denied.

## BACKGROUND

Plaintiff worked as a paralegal at S. David Anton, PA from February 2013 to November 2013. She filed this action in February 2015, alleging that Defendants failed to pay her overtime as required by the Fair Labor Standards Act. The Court held a four-day bench trial in this action in February and March of 2017. Afterward, the Court entered a judgment in favor of Defendants (Docs. 98 & 100) because Plaintiff did not prove that she worked in excess of forty hours in any workweek that she was employed. Plaintiff now asks the Court to amend that judgment, grant her a new trial, or otherwise provide her with relief from the judgment.

## DISCUSSION

**A. Rule 59**

Pursuant to Rule 59, a court may grant a new trial or amend a judgment entered after trial. Fed. R. Civ. P. 59. The court may grant a new trial "for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court." Fed. R. Civ. P. 59(a)(2). Some of these reasons include verdicts that are against the weight of the evidence, evidentiary flaws, and the prevention of injustice. *Montgomery Ward & Co. v. Duncan*, 311 U.S. 243, 251 (1940). Alternatively, the court may amend the judgment based on "newly-discovered evidence or manifest errors of law or fact." Fed. R. Civ. P. 59(e); *Jacobs v. Tempur-Pedic Int'l, Inc.*, 626 F.3d 1327, 1344 (11th Cir. 2010) (internal citation omitted). Ultimately, the court has discretion in determining whether to grant a new trial or amend a judgment. *See, e.g., Montgomery v. Noga*, 168 F.3d 1282, 1295 (11th Cir. 1999).

Plaintiff argues that the Court should grant her a new trial or amend its judgment based on (1) the unavailability of an impeachment witness, (2) newly discovered evidence, and (3) a manifest error of fact and/or law. The Court will address each of these arguments in turn.

*i) Unavailability of a witness*

Plaintiff seeks a new trial because she hopes to call Yvette Rodriguez, Plaintiff's predecessor in the paralegal position, as an impeachment witness. Ms. Rodriguez would rebut Defendant Anton's testimony that Ms. Rodriguez did not work overtime during her employment with him. Plaintiff was unable to call Ms. Rodriguez as a witness at trial

because she was unexpectedly hospitalized. Plaintiff did not list Ms. Rodriguez as a possible witness in her pretrial statement, notify the Court that she wanted Ms. Rodriguez to testify, or seek a continuance due to Ms. Rodriguez's unavailability. Plaintiff argues that not allowing her to present testimony to challenge Defendant Anton's veracity would be a miscarriage of justice.

First of all, impeachment evidence is not sufficient to warrant a new trial. *Southard v. Russell*, 57 U.S. 547, 561 (1853); *Davis v. Yellow Cab Co. of St. Petersburg*, 220 F.2d 790, 792 (5th Cir. 1955); *see also Toole v. Baxter Healthcare Corp.*, 235 F.3d 1307, 1316 (11th Cir. 2000) (enunciating rule in context of motion for new trial under Rule 60(b)). Second, there is no miscarriage of justice when Plaintiff's inability to present Ms. Rodriguez's testimony was due to Plaintiff's strategic choices. Plaintiff was not surprised by Defendant Anton's testimony about Ms. Rodriguez's employment—Defendant Anton gave the same testimony in his deposition, and Plaintiff acknowledges that she coordinated to have Ms. Rodriguez testify as an impeachment witness "in preparation for trial." If Plaintiff wanted to ensure that the Court benefitted from Ms. Rodriguez's testimony, she should have taken Ms. Rodriguez's deposition and entered it into evidence.[1] Plaintiff's failure to do so does not require the Court to allow the untimely introduction of new evidence.

---

[1] Because Ms. Rodriguez lives more than 100 miles from Tampa, Plaintiff had the right to enter Ms. Rodriguez's deposition into evidence "for any purpose." Fed. R. Civ. P. 32(a)(4).

*ii)  Newly discovered evidence*

Plaintiff seeks a new trial or an amended judgment due to a newly discovered email that indicates that there may have been a spoliation of evidence. Plaintiff states that an anonymous person mailed her a printout of this email a few days after the Court entered the judgment in this case. The email is dated April 9, approximately two weeks after Defendants filed their answer to Plaintiff's complaint. In the email, Defendant Anton noted that he had deleted thousands of emails from his deleted items folder on Outlook and asked his IT support person, Shane Ragland, to delete all emails from 2014 and earlier that were in the deleted items folder on the firm's server.

Plaintiff argues that if Defendants had properly produced this email during discovery, she could have "further investigate[d] the issue, take[n] a different approach to the case and/or trial, and address[ed] it with the Court." Plaintiff does not satisfactorily describe how she would have approached the trial differently. Plaintiff likely would have used the email to impeach Defendant Anton, but impeachment evidence is not grounds for a new trial. *Davis*, 220 F.2d at 792. Plaintiff may also have argued that there had been a spoliation of evidence and that the Court should apply an evidentiary presumption that the deleted emails contained evidence that was unfavorable to Defendants.

Even if Plaintiff had proven that there had been a spoliation of evidence requiring this evidentiary presumption,[2] there is no reason to think that the outcome at trial would

---

[2] Defendants contest this. Both Defendant Anton and Mr. Ragland submitted affidavits stating that they have no recollection of this email and could not find it in their email accounts or the law firm's computer system. They imply that Plaintiff manufactured it.

4

have been different. Plaintiff has never alleged that there were emails directly proving that she worked overtime (e.g., emails sent by Plaintiff to Defendant Anton before the end of her employment in which she informed him that she was working overtime). At most, there may have been additional emails sent to or from Plaintiff outside of the firm's normal business hours. The Court was already aware during trial that additional emails like this might have existed, based on the Parties' testimony that emails from Plaintiff's employment were deleted by her successor shortly after Plaintiff was terminated. Any deleted emails would simply have been cumulative of the similar emails introduced by Plaintiff at trial.

This email evidence was insufficient to prove that Plaintiff worked overtime because there was testimony at trial that Plaintiff adopted a flexible work schedule and frequently took time off of work during the firm's business hours. In addition, the email evidence could not overcome the significant testimony of Lynn Hayes, Samantha Neides, and Kay Schnake. Ms. Hayes and Ms. Neides worked at the firm at the same time as Plaintiff and testified that there was not enough work for Plaintiff to work overtime; Ms. Neides and then Ms. Schnake succeeded Plaintiff in the paralegal position and testified that they never even came close to working overtime.

iii) *Error of fact and/or law*

Plaintiff seeks a new trial or an amended judgment due to a manifest error of fact and/or law upon which the judgment was based. Specifically, she argues that the Court erred when it concluded that Plaintiff did not work overtime during the week of the APP hearing. She notes that the Court did not acknowledge the undisputed testimony that

5

Plaintiff worked on the Sunday before the APP hearing. She then argues that—if the Court had considered this testimony *and* calculated the workweek as consisting of Sunday to Saturday—the Court could have concluded that Plaintiff worked overtime on the week of the hearing.

Plaintiff is correct that the Court erred in its factual findings. The Court's April 3, 2017 order should note that Plaintiff worked both the Saturday and Sunday before the APP hearing, and not just on the Saturday. However, this oversight does not change the Court's conclusion that Plaintiff did not work overtime during the week of the hearing.

Plaintiff has cited to no authority to support the proposition that the Court should calculate the workweek as consisting of Sunday to Saturday, as opposed to Monday to Sunday. It is more reasonable to conclude that the workweek started on Monday, given that the Parties described Plaintiff's weekly work schedule as starting on Monday mornings. If the workweek began on Monday, then the hours Plaintiff worked on Sunday (i.e., May 19, 2013) did not factor into the workweek of the APP hearing (i.e., May 20 to 26, 2013). Those hours do factor into the workweek before the APP hearing (i.e., May 13 to May 19, 2013), but Defendant Anton testified at length about how Plaintiff took more time off during the Monday to Wednesday of that week than she worked on the Saturday and Sunday. Therefore, the Court need not grant a new trial or amend its judgment on this basis.

**B.     Rule 60**

Rule 60 allows a party to obtain relief from a judgment, including by obtaining a new trial. Fed. R. Civ. P. 60. The court may relieve a party from a judgment based on "newly discovered evidence that, with reasonable diligence, could not have been

discovered in time to move for a new trial under Rule 59(b)." Fed. R. Civ. P. 60(b)(2). The court may also relieve a party from a judgment if the opposing party obtained the judgment through fraud or other misconduct and the misconduct prevented the moving party from fully and fairly presenting her case. Fed. R. Civ. P. 60(b)(3); *Waddell v. Hemerson*, 329 F.3d 1300, 1309 (11th Cir. 2003) (internal citation omitted). The moving party must make this showing by clear and convincing evidence. *Waddell*, 329 F.3d at 1309.

Plaintiff first argues that she should be relieved from the judgment in this action because the email Defendant Anton sent to Mr. Ragland constitutes newly discovered evidence. This email does not warrant relief under Rule 60(b)(2) because Plaintiff discovered it during the timeframe in which she could move for a new trial pursuant to Rule 59. In addition, as the Court discussed in section A(ii), the email does not warrant relief under Rule 60(b)(2) because it is impeachment evidence that would not have produced a different outcome at trial. *Toole*, 235 F.3d at 1316.

Plaintiff next argues that she should be relieved from the judgment because Defendant Anton's email demonstrates that Defendants engaged in misconduct which prevented her from fully and fairly presenting her case. Plaintiff has not proven this assertion by clear and convincing evidence. Notably, Plaintiff has not shown that any misconduct by Defendants made a substantive difference in how she approached the case.

Plaintiff argues that, if Defendant Anton's email had been disclosed during discovery, she could have asked Defendant Anton and Mr. Ragland about the email during their depositions, filed a motion to compel an inspection of Defendants' computer system, and (possibly) pursued sanctions against Defendants. At trial, Plaintiff may have attempted

7

to use the email to impeach Defendant Anton's credibility and/or argue for an evidentiary presumption that the deleted emails contained information unfavorable to Defendants.

This approach would have been fundamentally similar to the litigation strategy Plaintiff employed both before and during trial. Although Plaintiff did not question Defendant Anton and Mr. Ragland about this specific email during their depositions, she did question them extensively about the deletion of emails from Plaintiff's time of employment. Moreover, Plaintiff already argued at trial that emails that could help prove her work hours had been deleted from Defendants' computer system after she was terminated and that Defendant Anton was not a credible witness. Thus, Plaintiff has not demonstrated that she was prevented from fully and fairly presenting her case.

It is instructive to compare this case with one cited by Plaintiff—*Rozier v. Ford Motor Co.*, 573 F.2d 1332 (5th Cir. 1978)—in which the court remanded for a new trial pursuant to Rule 60(b)(3). Ford, the defendant in a wrongful death case, failed to produce a report it had obtained regarding the cost of alternate fuel tank locations even though the report was covered by the plaintiff's discovery requests. *Id*. at 1341-42. The court found that Ford's withholding of the report prevented the plaintiff from fairly presenting her case because she could have used the report to present a completely different theory of negligence at trial.[3] *Id*. at 1345. "[F]ar from being a cumulative tidbit of evidence already subsumed in the case presented to the jury," the report "might have been the catalyst for an

---

[3] Plaintiff could have argued a failure to warn theory instead of just a negligent design theory. *Rozier*, 573 F.2d at 1342-45.

entirely different approach to the case on a theory that the plaintiff, lacking the document, let die before it reached the jury." *Id*.

Here, unlike in *Rozier*, Plaintiff does not contend that Defendant Anton's email would have prompted her to take "an entirely different" approach to the case. The email would not have enabled Plaintiff to argue a different theory of liability under the FLSA, nor was it new evidence proving that she in fact worked overtime. Even with that email in hand, Plaintiff would have argued largely what she already did at trial, although perhaps with some additional impeachment evidence to use against Defendants. This is insufficient to warrant a new trial.

It is therefore ORDERED AND ADJUDGED that:

1. Plaintiff's Motion to Amend or Alter the Judgment or for a New Trial, and/or Alternatively, for Relief from the Judgment (Doc. 106) is denied.

2. Plaintiff's Amended Motion for Leave to File a Reply (Doc. 113) is denied as moot.

**DONE** and **ORDERED** in Tampa, Florida, on June 8th, 2017.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record